# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 21-20161 SINGHAL

**UNITED STATES OF AMERICA,**

vs.

**BENJAMIN RAFAEL,**

                    **Defendant.**

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and

Benjamin Rafael (hereinafter the "Defendant") enter into the following agreement:

1.      The Defendant agrees to plead guilty to the Information, which charges the

Defendant with False Statements to a Financial Institution, in violation of Title 18, United States

Code, Section 1014. The Defendant acknowledges that he has read the charge against him

contained in the Information and that those charges have been fully explained to him by his

attorney.

2.      The Defendant understands that he has the right to have the evidence and charges

against him presented to a federal grand jury for determination of whether or not there is probable

cause to believe he committed the offenses for which he is charged. Understanding that right, and

after full and complete consultation with his counsel, the Defendant agrees to waive in open court

his right to prosecution by Indictment and agrees that this Office may proceed by way of an

Information filed pursuant to Rule 7 of the Federal Rules of Criminal Procedure.

3.      The Defendant is aware that the sentence will be imposed by the Court after

considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter the

"Sentencing Guidelines"). The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the United States probation office, which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph one and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

4.      The Defendant also understands and acknowledges that as to the allegations set forth in the Information, the Court may impose a statutory maximum term of imprisonment of up to thirty (30) years. In addition to any period of imprisonment the Court may also impose a period of supervised release of up to five (5) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $1,000,000, pursuant to 18 U.S.C. §§ 1014 and 3571(b)(1), or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

5.     The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph four of this agreement, a special assessment in the amount of $100 will be imposed on the Defendant.  The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.  If the Defendant is financially unable to pay the special assessment, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the Defendant's failure to pay.

6.     This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background.  Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7.     Provided that the Defendant commits no new criminal offenses and provided that he continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for his criminal conduct, the United States agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines.  If at the time of sentencing the Defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the Defendant has assisted authorities in the investigation or prosecution of the Defendant's own misconduct by timely notifying authorities of the Defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting

3

the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8.     This Office and Defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings as to the sentence to be imposed:

      a.   <u>Base offense level</u>: That the base offense level, pursuant to Section 2B1.1(a)(1) of the Sentencing Guidelines, is 7;

      b.   <u>Loss</u>: For purposes of Section 2B1.1(b)(1), the loss amount attributable to this Defendant is greater than $95,000 and less than $150,000, resulting in an increase of 8 levels.

9.     The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant also is aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The Defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The

Defendant understands and acknowledges, as previously acknowledged in paragraph three above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, this Office, or a recommendation made jointly by the Defendant and this Office.

10.     The Defendant is aware that Title 28, United States Code, Section 1291 and Title 18, United States Code, Section 3742 afford the Defendant the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Sections 1291 and 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the Defendant's sentence pursuant to Sections 3742(b) and 1291, the Defendant shall be released from the above waiver of his right to appeal his sentence.

11.     By signing this agreement, the Defendant acknowledges that the Defendant has discussed the appeal waiver set forth in this agreement with the Defendant's attorney. The Defendant further agrees, together with this Office, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence imposed in this case and his right to appeal his conviction in the manner described above was knowing and voluntary.

12.     The Defendant acknowledges that because the offense of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay and that the Court must order the Defendant to pay restitution for the full loss caused by his criminal conduct pursuant to Title 18, United States Code, Section 3663A.

13.     The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, pursuant to Title 18, United States Code, Section 982(a)(2), all property, real or personal, involved in the offense to which she is pleading guilty, or any property traceable to such property.   In addition, the Defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).  The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment in the sum of $29,000 in U.S. currency, which sum represents the value of the property subject to forfeiture.

14.     The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive: any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. R. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

15.     The Defendant also agrees to fully and truthfully disclose the existence, nature and location of all assets in which Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction.  The Defendant also agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by

6

the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil or administrative forfeiture proceeding concerning the forfeiture.

16.     In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the Defendant agrees to the following:

     a.    submit a financial statement to this Office upon request, within 14 calendar days from the request;

     b.    maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

     c.    provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

     d.    cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

     e.    notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

The Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1.

17.     The Defendant agrees that if he fails to comply with any of the provisions of this Agreement, including the failure to tender such agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the offense identified in paragraph one (1) above), the United States will have the right to characterize such conduct as a breach of this agreement.  In the event of such a breach the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this agreement, including offering into evidence or otherwise using the incorporated Factual Basis for Guilty Plea (*see* paragraph 18, *infra*).

18.     *Factual Basis for Guilty Plea.*  This Office and the Defendant stipulate to and agree not to contest the following facts, and stipulate that such facts, in accordance with Rule 11(b)(3)

of the Federal Rules of Criminal Procedure, provide a sufficient factual basis for the plea of guilty

in this case:

> If this case had gone to trial the government would have proved beyond a reasonable doubt that the defendant knowingly made a false statement for the purpose of influencing the actions of a financial institution, the accounts of which were insured by the Federal Deposit Insurance Corporation, in violation of 18 United States Code, Section 1014.

> Investigation by the Office of Inspector General revealed that between April 2020 and May 2020, **Rafael** applied for several loans through the Small Business Administration's Paycheck Protection Program ("PPP") and Economic Injury Disaster Loan ("EIDL") program on behalf of various business of which is the registered agent and owner. In the loan applications, **Rafael** incorrectly stated that he had never pleaded guilty to, or been convicted of, a felony when in fact he had previously pleaded guilty to, and was convicted of, conspiracy to commit wire fraud on October 30, 2019, in Southern District of Florida case number 19-20447-CR (the "False Statements"). **Rafael** made the False Statements knowingly and with the intent to influence the actions of the financial institution to which he submitted the loan applications. **Rafael** made the False Statements when he applied for the following loans:

>> a. $12,500 PPP loan on behalf of Benjamin Rafael P.A. (loan number 2341647300). **Rafael** received the loan proceeds for this loan into his TD Bank account ending in 2616 on May 7, 2020.
>> b. $8,000 EIDL loan on behalf of Capital B LLC (loan number 7201527910). **Rafael** received the loan proceeds for this loan into his Bank of America account ending in 6161 on June 18, 2020.
>> c. $8,500 PPP loan on behalf of Capital B LLC (loan number 5242897401). **Rafael** received the loan proceeds for this loan into his Bank of America account ending in 6161 on May 12, 2020.
>> d. $44,000 EIDL loan on behalf of SARRE Investments (loan number 7201907906; application number 3000179378). **Rafael** applied for this loan on May 15, 2020, and was preliminarily approved for a loan in the amount of $44,000.
>> e. $36,000 EIDL loan on behalf of Benjamin Rafael P.A. (application number 3000179336). **Rafael** applied for this loan on May 15, 2020, and was preliminarily approved for a loan in the amount of $36,000.
>> f. $12,500 EIDL loan on behalf of Benjamin Rafael P.A. (application number 3301033361). **Rafael** applied for this loan on April 1, 2020, and was preliminarily approved for a loan in the amount of $12,500.

In addition to the aforementioned loans, **Rafael** also applied for an EIDL loan on behalf of Benjamin Rafael P.A. (application number 3302838434) on April 7, 2020. For this loan application, **Rafael** was not preliminarily approved for any loan amount.

The financial institutions to which **Rafael** made the False Statements had deposits that were insured by the Federal Deposit Insurance Corporation. Additionally, **Rafael** made the False Statements to the Small Business Administration. Finally, **Rafael's** offenses took place within the Southern District of Florida.

19.     This is the entire agreement and understanding between the United States and the

Defendant. There are no other agreements, promises, representations or understandings.

JUAN ANTONIO GONZALEZ
ACTING UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 4/26/2021          By: _____
LACEE ELIZABETH MONK
ASSISTANT UNITED STATES ATTORNEY

Date: 4/23/2021          By: _____
BENJAMIN RAFAEL
DEFENDANT

Date: 4-23-21            By: _____
TODD YODER
COUNSEL FOR DEFENDANT

10