UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-20447-CR-SINGHAL
CASE NO. 21-20161-CR-SINGHAL

UNITED STATES OF AMERICA,

vs.

BENJAMIN RAFAEL,
    Defendant.
_____/

**BENJAMIN RAFAEL'S OBJECTIONS
TO THE PRESENTENCE INVESTIGATION REPORT**

Benjamin Rafael files the following objections to the Presentence Investigation Report (PSR) in case number 19-20447-CR-Singhal. We have no objections to the PSR in case number 21-CR-20161.[1] In addition to these objections, we also will be filing a sentencing memorandum explaining why a significant downward variance is appropriate in this case. Finally, we request that both cases be consolidated for sentencing.

    **1.**    **The parties have agreed that Mr. Rafel is a Four-Level Minimal Participant.**

Mr. Rafael objects to paragraphs 77 and 90 of the PSR, which incorrectly afford him only a three-level reduction for his role in the offense. As outlined in the Plea Agreement (D.E. 52, at 5), the Government and Mr. Rafael agree that Mr. Rafael's

---

[1] There are numerous "facts" asserted in both PSRs that are inaccurate. However, because these facts do not impact the sentencing guideline range, we will not address them in these objections.

conduct warrants a four-level minimal participant reduction to his guideline calculations. The reason that the parties agree is because Mr. Rafael played the smallest role in this conspiracy, by far, and the facts and law all point to a four-level reduction. This is especially true here, where Mr. Rafael is being held responsible for roughly $60 million in losses, while only receiving approximately $60,000 in remuneration from his co-defendant, Benjamin McConley. This is equivalent to .1% of the $60 million dollars he is being held accountable for, and significantly less than the sum attributable to his codefendants. Moreover, Mr. Rafael was involved in the conspiracy for a very limited amount of time—approximately six months. Mr. Rafael was terminated from Wells Fargo Bank in June 2015. McConley and Van Eman's Ponzi scheme continued for an additional four years.

Under § U.S.S.G. § 3B1.2 of the Sentencing Guidelines, a defendant may be entitled to a two-to-four-level reduction in their guidelines if the defendant "plays a part in committing the offense that makes him substantially less culpable than the average participant in the criminal activity." *See* U.S.S.G. § 3B1.2, comment. (n.3(A)). The Guidelines enumerate five non-exhaustive factors to guide courts in assessing the extent to which a mitigating role applies. Those factors are:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in the planning or organizing of the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;

  (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;

  (v) the degree to which the defendant stood to benefit from the criminal activity.

U.S.S.G. § 3B1.2, comment. (n.3(C)). In *United States v. Taylor*, 2001 WL 1631328 (D. Minn. 2001), the court found a four-level minimal participant was appropriate for Defendant Taylor. Mr. Taylor, much like Mr. Rafael, was involved in a scheme to defraud that was devised and controlled by his codefendant. *Id* at 2. "There has been no concrete evidence presented indicating that Defendant was ever aware of the broad scope of his co-Defendant's scheme to defraud." *Id*. Additionally, in *United States v. Phillips*, 368 F. Supp 2d. 1259 (D.N.M. 2005), the court held that Defendant Phillips's conduct in a marijuana smuggling ring was minimal because he did not know those who asked him to transport the marijuana, what it was or how much he was hauling." *Id* at 1259. Just like Defendant Phillips, Mr. Rafael had a lack of knowledge and understanding of the scope of the conspiracy.

  In applying the U.S.S.G factors to Mr. Rafael, and in the context of relevant case law, every single factor weighs heavily in his favor. Mr. Rafael did not understand the scope or structure of the fraud; he did not plan, organize, or manage the fraud; he exercised no independent decision-making authority or influence; he had very limited involvement in the actual fraud, and less discretion than any participant in performing his acts; and he did not significantly benefit from the fraud

scheme. *See* U.S.S.G. § 3B1.2, comment. (n.3(C)). By way of example, and as reflected in Counts 9 and 10 of the indictment, it was co-defendant Jason Van Eman who drafted the fraudulent bank letters to victims. Mr. Rafael simply "copied and pasted" the language Van Eman directed him to use and forwarded the letters along. At times, Mr. Rafael's contribution to the conspiracy consisted of little more than an e-mail stating, "I confirm" following various misrepresentations to investors by Van Eman and McConley. In short, he was at the bottom of the pyramid in terms of planning, direction, knowledge, understanding, profit, and conduct. Unlike the leaders, he did not devise this scheme, run the fraud, or otherwise assert any decision-making authority. Because he lacked knowledge of the entire scope for the conspiracy and profited close to nothing (unlike his co-conspirators), he is plainly the least culpable of those involved in this case. The conspiracy existed long before Mr. Rafael's involvement, and continued long after his withdrawal. It is also worth highlighting that in many ways, Mr. Rafael (a 25 year old, young and unsophisticated entry-level employee), was used by the much more sophisticated criminals in this case. These are all facts which demonstrate Mr. Rafael is deserving of a four-level minimal role reduction, which was agreed upon with the Government in the plea agreement.

WHEREFORE Benjamin Rafael respectfully requests that his objections be sustained.

        Respectfully submitted,

        **MARKUS/MOSS PLLC**
        40 N.W. Third Street, PH1
        Miami, Florida 33128
        Tel: (305) 379-6667
        markuslaw.com

        By:    /s/ David Oscar Markus
                  DAVID OSCAR MARKUS
                  Florida Bar Number 119318
                  dmarkus@markuslaw.com

                  /s/ Todd Yoder
                  TODD YODER
                  Florida Bar Number 71263
                  tyoder@markuslaw.com